## ALEX TRZASKA
*vs.*
## CITY OF HARTFORD

Superior Court      Hartford County      File No. 69863

MEMORANDUM FILED NOVEMBER 29, 1943.

*Joseph F. Ryter,* of Hartford, for the Plaintiff.

V. W. *Dennis,* Corporation Counsel, for the Defendant.

KING, J. The first count of the complaint admittedly sounds in negligence and the second count is correctly claimed by the plaintiff to sound in nuisance.

The second count incorporates all of the allegations of the first count and adds two additional paragraphs, 9 and 10. These last two paragraphs allege a nuisance (even though the word "nuisance" was apparently avoided by the pleader) under the definition in *Warren vs. City of Bridgeport,* 129 Conn. 355, 359.

It may be noted in passing that the effect of incorporating these negligence allegations in the second count is, construing the count as a whole, to allege a nuisance arising out of negligence. There was no occasion so to do. *Id.*, 360. This relieves the defendant of the burden it would otherwise have had, in the event that it wished to avail itself of the defense of contributory negligence, of proving that the nuisance, if the plaintiff proved that there was one, arose out of negligence, that is, that it was a so-called negligent nuisance. *Ibid.*

The demurrer raises the question of whether the defense of governmental immunity must be pleaded, either in a negligence action (first count) or a nuisance action (second count). No decision directly in point has been cited. However, an examination of the leading cases shows that a very reasonable rule has developed in actual practice.

Where a complaint contains sufficient allegations so that it can be determined, as matter of law, that the municipality was engaged in the performance of a governmental function, no answer need be filed alleging what is already obvious from the allegations of the complaint. *Pope vs. City of New Haven,* 91 Conn. 79, 80; *Lambert vs. City of New Haven,* 129 *id.* 647, 648.

But where it is not apparent from the allegations of the complaint that the municipality was so engaged, then the defense of governmental immunity should be pleaded. *Hoffman vs. City of Bristol,* 113 Conn. 386, 387. Since the defense is in essence one in confession and avoidance, this would seem to be in accordance with the requirements of proper pleading. (*Practice Book* [1934] §104, p. 46.)

It cannot fairly be said that the allegations of the complaint in this action are too narrow to permit proof of facts which would show other than the performance of a governmental duty. It is not clear what sort of use was being made of the park at the time in question. *Richmond vs. City of Norwich,* 96 Conn. 582, 588. It follows that on these allegations of the first count, the defense of governmental immunity should be affirmatively pleaded. The same is true of the second count in so far as its allegations embrace a nuisance to which governmental immunity could be effectively interposed as a defense.

The second count is, however, broad enough to include a

nuisance which was actually created by the defendant city by its negligent construction of the bleacher, and not merely one where the defendant's fault was "in the failure to use the requisite care in remedying a condition otherwise created or occurring." *Hoffman vs. City of Bristol, supra,* 392. To the former type of nuisance governmental immunity, even if pleaded, would be an inefficacious defense. *Ibid.; Petrovich vs. Town of Ashford,* 9 Conn. Sup. 133, 135; *Beckwith vs. Town of Stratford,* 129 Conn. 506, 509. Since the demurrer is unlimited in its attack, this ground alone is sufficient to require that it be overruled as to the second count, in nuisance.

Another reason why the demurrer could not be sustained as to either count is that it does not appear from the complaint whether the defendant was or was not engaged in a profit-making enterprise. This is a further obstacle to the determination of whether or not the defendant was engaged in a governmental function. *Richmond vs. City of Norwich, supra,* 588; *Hannon vs. City of Waterbury,* 106 Conn. 13, 16.

As to the first count, in negligence, the demurrer cannot be sustained because, as hereinbefore set forth, governmental immunity on the facts alleged, is an affirmative defense, in confession and avoidance, and, as such, must be pleaded.

As to the second count, in nuisance, the demurrer must be overruled for the same reasons and for the further reason that its allegations are broad enough to include a nuisance of a type such that to an action upon it governmental immunity is not an effective defense.

The demurrer is overruled on all grounds.