[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The defendants have moved to strike the first, fourth and fifth counts of the complaint as well as paragraphs 15(f) and (h) of the third count. I have denied the motion.
The City of Bridgeport contends the first count should be stricken on the theory General Statute 13a-149 provides the plaintiff's sole remedy against the City. It relies on General Statute 52-557n(a) which bars actions for injuries caused "by means of a defective road or bridge except pursuant to13a-149." Whether the facts of this case present a situation where the injuries were caused "by means of a defective road or bridge" involves issues which should be left to the trier of fact. If the plaintiff was injured "by means of a defective road or bridge," he is barred from recovery on the nuisance count. If the plaintiff was not injured "by means of a defective road or bridge, a he can recover on the nuisance count so long as he alleges and proves positive acts by the municipality which created a nuisance. The plaintiff may plead alternative claims. Prac. Bk. 137. Accordingly, the motion to strike the first count is denied.
The defendants, City of Bridgeport, Joseph Walsh, Raymond Gross, and J. D. Merena contend the fourth and fifth counts are barred by the governmental immunity provision of52-557n(a)(2)(B). The plaintiff has made broad allegations in these counts to the effect the City's employees were negligent in their failure to maintain and inspect traffic control devices at the intersection and in their failure to take measures to safely control the flow of traffic. The allegations will permit proof of facts which may establish that the defendants failed to properly discharge a ministerial function or failed to discharge a discretionary function with a clear and unequivocable duty to act. See Shore v. Stonington, 187 Conn. 147, 157 (1982) (dissenting opinion); Gauvin v. New Haven, 187 Conn. 180 (1982); Sestito v. Groton, 178 Conn. 520, 527-28 (1979); Tango v. New Haven,173 Conn. 203 (1977). Accordingly, the defense of governmental immunity must be affirmatively pled as opposed to being decided on a motion to strike. Trzaska v. City of Hartford,12 Conn. Sup. 301, 302 (1943).
The defendants also claim the fourth and fifth counts are barred by the provision of 52-557n(a)(1) which limits suits against a municipality for highway defects to a cause of action CT Page 2560 based on 13a-149. The fourth count is directed not against a municipality but its employees. The fifth count is based on the indemnity provisions of 7-465 of the General Statutes. Thus, 52-557n(a)(1) is inapplicable.
Finally, the City contends that 15(f) and 15(h) of the third count should be stricken on the theory the references therein to General Statutes 13-314a and 14-298 improperly raise statutory claims which are barred by General Statute52-557n. The references to 13-314a and 14-298 are made to establish that the traffic control signals were defective. These allegations are not barred by 52-557n.
For the foregoing reasons, the Motion to Strike is denied.
GEORGE N. THIM, JUDGE