[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Robert A. Picheco, Sr., Administrator of the Estate of Anthony R. Picheco, filed a second amended complaint on February 21, 1991 alleging, in three counts, that New Milford police officers, Robert Cramer, William Scribner, Mark Blanchette, Henry Marino and Lisa Peet Savoy, Chief of Police James Sweeney, Commander Arthur Von Holtz, Captain Norbert Lillis, Captain Colin McCormack, and the town of New Milford acted or failed to act in a manner resulting in the death of Anthony Picheco ("Anthony").
The plaintiff alleges that on or about November 7, 1988, at approximately 11:40 p.m., Officers Scribner and Marino arrested Anthony on a charge of breach of the peace. The plaintiff alleges that Anthony, who was intoxicated and suffering from emotional impairments and anxieties at the time, was a suicide risk. The plaintiff further alleges that these symptoms persisted after Anthony was brought to the police station, and that the police were aware of his physical and emotional condition. The plaintiff charges that the defendants failed to inspect and monitor Anthony's cell in accordance with New Milford police procedures, thereby resulting in his suicide. CT Page 7707
On May 6, 1991, the defendants filed a motion to strike the plaintiff's complaint in its entirety. The defendants move to strike the first and second counts alleging direct liability of the officers, the Chief of Police, the Commander, the two captains, and the town, on the ground that these counts are barred by the doctrine of governmental immunity. The defendants move to strike the third count, alleging statutory liability of the town pursuant to General Statutes 7-465, et seq. on the ground that striking the preceding two counts would terminate claims against town employees for which the town could be held liable.
Pursuant to Practice Book 155, the defendants have filed a memorandum in support of their motion to strike and the plaintiff has filed a timely opposition thereto, accompanied by a supporting memorandum.
A motion to strike tests the legal sufficiency of a pleading and "admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989).
In their memorandum in support of their motion to strike, the defendants argue that the plaintiff has failed to allege facts sufficient to establish that the defendants owed Anthony a duty different than that owed to any other member of the public.
The defendants also claim that their motion should be granted because the duty owed to Anthony was discretionary, thereby giving rise to governmental immunity. They further argue that, because the defendant chief and supervisory officers had no direct contact with Anthony, they owed no duty to him and, therefore, the motion to strike should be granted as to them.
The defendants argue that count three, against the Town of New Milford, would have to be stricken if the motion to strike is granted as to the counts against the officers, the chief and supervisors, as a claim would exist against a municipal employee for which the town could be held liable.
The plaintiff, in opposition to the motion to strike argues that because the complaint alleges negligent performance of ministerial duties, the motion should be denied. The plaintiff states that because certain regulations were in effect, the defendants had a ministerial duty to comply therewith, thereby nullifying the impact of governmental immunity. The plaintiff further alleges that, with regard to the Chief of Police and the other supervisory officers, there existed a duty to implement the regulations. The plaintiff also argues that the defendants' motion must be denied simply because the defendant undertook a duty to Anthony by taking him into custody, hereby establishing a jailer-jailee relationship.
Finally, the plaintiff argues that governmental immunity is inapplicable in this case because the defendants' failure to act CT Page 7708 subjected an identifiable person to imminent harm. Shore v. Stonington,187 Conn. 147, 153, 444 A.2d 1379 (1979).
In Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 167
(1988), the court stated that "[a] municipality is immune from liability for the performance of governmental [discretionary] acts as distinguished from ministerial acts." See also, Roman v. Stamford, 16 Conn. App. 213,221 (1988), aff'd, 211 Conn. 396, 599 A.2d 710 (1989). The Gordon court continued, stating that, "[g]overnmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." Gordon, 208 Conn. at 167-68.
Ordinarily, governmental immunity must be pleaded as a special defense in accordance with Practice Book 164. See Gauvin v. New Haven,187 Conn. 180, 184, 445 A.2d 1 (1982); Trzaska v. Hartford,12 Conn. Sup. 301, 302 (Super.Ct. 1943), citing Hoffman v. Bristol,113 Conn. 386, 387 (1932); Metcalfe v. Ridgefield, 1 Conn. L. Rptr. 553
(April 27, 1990, Flynn, J.). However, where it is apparent from the face of the complaint that the municipality was engaged in a discretionary function while performing the acts in question, the defendant can attack the legal sufficiency of the complaint through a motion to strike. See Brown v. Branford, 12 Conn. App. 106, 11 n. 3, 529 A.2d 743 (1987); see also Evon v. Andrews, 211 Conn. 501, 559 A.2d 1131 (1989).
In the present action it is not clear from the face of the plaintiff's complaint that the defendants were engaging in a governmental function as such is defined in Gordon, supra. Consequently, the issue of governmental immunity in this case is not properly raised in a motion to strike. Rather, governmental immunity should be pleaded as a special defense.
The defendants' motion to strike the complaint therefore is denied.
SUSCO, J.