[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE (NO. 103)
The plaintiff, Mathew A. Capoznello, brings a three count amended complaint against the Town of Easton and James Wright, an Easton volunteer fireman. Count one, which pleads assault and battery against James Wright, alleges that at the Easton Volunteer Firemen's Carnival, James Wright, and other firemen, held plaintiff's arms and choked him while Thomas Wright, James' brother, committed an assault and battery on the plaintiff. Count two alleges that the Town of Easton is liable pursuant to Conn. Gen. Statutes 7-308 and 7-465 for the negligence of the fireman in causing plaintiff to be assaulted and battered.
Count three alleges that the Town of Easton was negligent in failing to adequately supervise the firemen; in training the firemen; and in furnishing adequate security at the carnival.
Defendant, Town of Easton, now moves to strike counts two and three, arguing that they fail to state a claim upon which relief could be granted.
A motion to strike tests the legal sufficiency of the pleadings. Conn. Practice Book 152 (rev'd to 1978, as updated to October 1, 1990); Gordon v. Bridgeport Housing Authority, CT Page 8779208 Conn. 161 (1988). If the facts provable under the allegations support a cause of action the motion to strike must fail. Alarm Applications Company, v. Simsbury Volunteer Fire Company, 179 Conn. 541, 545 (1980).
Subsequent to the defendant's filing of the motion to strike, plaintiff filed a revised complaint (No. 105). The only allegations that have been revised are plaintiff's description of the physical injuries he allegedly sustained. There changes have no bearing on the motion to strike.
Defendant argues that count two should be stricken because it fails to state a claim under Conn. Gen. Stat.7-308, the applicable provision, and that plaintiff's claim for relief under Section 7-465 is insufficient.
Conn. Gen. Stat. 7-465 outlines a municipality's liability for damages caused by its employees. That section provides that a municipality is liable for the acts of employees "except firemen covered under the provisions of Section 7-308."
Plaintiff cannot state a claim under Section 7-465 due to this explicit exclusion.
Conn. Gen. Stat. 7-308, the alternate basis of liability pled in count two, provides:
 Each municipality of this state, notwithstanding any inconsistent provisions of law, general, special or local, or any limitation contained in the provisions of any charter, shall pay on behalf of any paid or volunteer fireman of such municipality all sums which such fireman becomes obligated to pay by reason of liability imposed upon such fireman by law for damages to person or property, if the fireman, at the time of the occurrence, accident, injury or damages complained of, was performing fire duties and if such occurrence, accident, injury or damage was not the result of any wilful or wanton act of such fireman in the discharge of such duties.
Plaintiff's allegation that James Wright and the other firemen were negligent "during the course of their fire duties" is a conclusion of law. The facts alleged in the complaint reveal CT Page 8780 that plaintiff's injuries occurred at the fireman's carnival. Conn. Gen. Statute 7-314 defines when firemen are performing "fire duties" and provides that:
 "fire duties' includes duties performed while at fires, while answering alarms of fire, while directly returning from fires, while at fire drills or parades, while going directly to or returning directly from fire drills or parades, while at tests or trials of any apparatus or equipment normally used by the fire department, while going directly to or returning directly from such tests or trials, while instructing or being instructed in fire duties, while answering or returning from ambulance calls where the ambulance service is part of the fire service, while answering or returning from fire department emergency calls and any other duty ordered to be performed by a superior or commanding officer in the fire department.
Under Section 7-314, attendance at a carnival without more cannot be construed to be a fire duty. Plaintiff has alleged that the firemens' acts were wanton and wilful and such acts are specifically excluded under Conn. Gen. Statute 7-308. See Keogh v. City of Bridgeport, 187 Conn. 53 (1982). Count two is not legally sufficient therefore, the motion to strike the complaint as revised is granted as to the Town of Easton.
Count three alleges negligence against the Town of Easton. Defendant argues that it should be stricken under the doctrine of governmental immunity.
Governmental immunity is properly raised by a special defense. See Conn. Practice Book 164; See Gauvin v. New Haven, 187 Conn. 180, 184 (1982). On the face of the complaint, it is not possible to determine whether the Town of Easton was engaged in a governmental function when plaintiff's injuries occurred.
Trzaska v. City of Hartford, 12 Conn. Sup. 301, 302 (Super.Ct. 1943).
The motion to strike is not the proper vehicle to raise CT Page 8781 governmental immunity and is denied as to count three.
E. EUGENE SPEAR, JUDGE