[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The plaintiffs Gilbert and Eleanor Kelman, the lessors, filed this action May 21, 1993, against the defendant, Cheri Post, the lessee. On June 15, 1992, the plaintiffs entered into a lease with CT Page 8135 the defendant for the use and occupancy of a dwelling unit at 19 Hall's Point Road, Stony Creek, Connecticut, owned by the plaintiffs. The plaintiffs attached a copy of the lease to the complaint. According to the lease, the defendant lessee agreed to pay $1,450.00 per month, payable on the first day of each successive month to the lessors.
The complaint contains three counts. In the first count, the plaintiffs allege that the defendant defaulted in the payment of the monthly rent due under the lease. The plaintiffs claim that defendant owes $7,600 for rent and $38.92 for utilities. In the second count, the plaintiffs allege that the defendant failed to keep the premises in good repair. In the third count, the plaintiffs allege that during the period of such occupancy, the defendant and her agents wilfully or negligently damaged the front porch and interior of the premises. In the prayer for relief, the plaintiffs claim damages, delinquent contractual rent, attorney's fees, and such other relief as in law or equity may pertain.
On July 22, 1993, the defendant filed a motion to strike paragraph three of the plaintiffs' prayer for relief requesting attorney's fees.[1] Pursuant to Practice Book 155, the defendant filed a memorandum of law in support of the motion to strike, and the plaintiffs filed a timely memorandum in opposition.
Practice Book 152(2) provides that any party may file a motion to strike to contest the legal sufficiency of any prayer for relief in any such complaint, counterclaim, or cross-claim.
 "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint . . . [and] must construe [those facts] most favorably to the plaintiff." Gordon v. Bridgeport, 208 Conn. 161, 170, 544 A.2d 1185
(1988).
 "A `prayer for relief' does not constitute a `cause of action' upon which judgment may enter. Disposition of a prayer for relief is only one aspect of a valid judgment. Cf. Verraster v. Tynan, 152 Conn. 645, 648 (1965) (Judgment must respond not only to the prayers for relief but also to the issues presented by the pleadings): . . . ."
CT Page 8136
 "The only pretrial method to attack a prayer for relief is a motion to strike." Watrous v. Dilauro, 1 Conn. L. Rptr. 113, 114 (April 16, 1990, Schimelman, J.)
In support of her motion to strike, the defendant argues that paragraph 19.D of the lease does not provide for the recovery of attorney's fees in an action for back rent and damages. The defendant also claims that the language of paragraph 19.D of the lease is ambiguous and urges the court to read the lease in her favor and grant her motion to strike.
In their memorandum in opposition to the defendant's motion to strike, the plaintiffs argue that the lease provides for attorney's fees upon tenant's default, including those defaults alleged in the plaintiffs' complaint. Also, the plaintiffs state that the language of paragraph 19.D of the lease is plain and unambiguous. Therefore, according to the plaintiffs, they are entitled to recover attorney's fees for this action for back rent and damages pursuant to paragraph 19.D of the lease.
The defendant's motion to strike seeks a legal determination under the lease as to whether the plaintiffs are entitled under the terms of lease to recover attorney's fees in this action for back rent and damages. "Such a [legal] determination is not appropriate on a motion to strike, which is limited strictly to whether a pleading states a legally cognizable cause of action." Kelvin Corp. v. Foley, 7 Conn. L. Rptr. 64 (August 3, 1992, Lewis, J.).
Therefore, the defendant's motion to strike is not proper insofar as the defendant is asking the court to interpret paragraph 19.D of the lease. This court recognizes that Central New Haven Development Corp. v. Potpourri, Inc., 39 Conn. Sup. 132, 133,471 A.2d 681 (1983) (Zoarski, J.) reached an opposite conclusion. Accordingly, however, the defendant's motion to strike paragraph three of the plaintiffs' prayer for relief requesting attorney's fees is denied.
Clarine Nardi Riddle, Judge