[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision on Defendants' Motion to Strike
On December 4, 1992, the plaintiff, Interstate Aviation, filed a two count Revised Amended Complaint against fifteen defendants, including the City of Meriden and Johnnycake Aviation. In count one, the plaintiff alleges that the defendants have violated antitrust laws, and in count two, CT Page 4556 the plaintiff alleges that the defendants have eroded the competitive bidding process.
The following facts are alleged in the revised amended complain. On or about July 21, 1989, the defendant, City of Meriden, issued a Notice and Invitation to Bid, indicating that it was accepting sealed bids for "Lease For Fixed-Base Operator at Meriden-Markham Airport." The City of Meriden accepted bids until August 8, 1989, at which time they were publicly opened and read. Subsequently, the Meriden Aviation Commission accepted the proposal of Johnnycake Aviation Services, Inc. (which has since changed its names to Meriden Aviation Services, Inc.). The Commission gave no reason for rejecting Interstate Aviation's bid. On February 16, 1990, the City of Meriden entered into a lease for the Meriden-Markham Airport with Johnnycake Aviation Services.
On December 18, 1992, all the defendants, except Johnnycake Aviation Services, filed a Motion to Strike the revised amended complaint. The first ground for the motion addressed both counts and asserts the claim that the plaintiff seeks injunctive relief when an adequate remedy at law exists. In their second ground for the motion, the defendants claim that the first count alleges a cause of action based upon violation of the Connecticut Antitrust Act and that a state exemption exits. The plaintiff filed an objection to the defendants' motion to strike along with a memorandum of law on June 15, 1993.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" [Gordon v. Bridgeport Housing Authority],208 Conn. 161, 170, 544 A.2d 1185 (1988). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorable to the plaintiff." [Novametrix Medical Systems, Inc. v. BOC Group, Inc.],224 Conn. 210, 618 A.2d 25 (1992). "If a motion to strike is directed to the entire complaint, the motion must fail if any of the plaintiffs claims is legally sufficient." [Kovacs v. Kapser], 41 Conn. Sup. 225,226 (1989, West, J.). The court is also limited to "the grounds specified in the motion." [Meredith v. Police Commission]. 182 Conn. 138,140-141, 438 A.2d 27 (1980).
The defendants argue that in order to be entitled to an injunction, the moving party must allege facts showing irreparable damage and the lack of an adequate remedy at law. The defendants also argue that since the plaintiff seeks three types of money damaged in addition to injunctive relief, there exists an adequate remedy at law and the plaintiff is not entitled to an injunction. CT Page 4557
The defendants raise additional arguments supporting the legal insufficiency of the first count. The defendants argue that the first count should be stricken since no monopoly or illegal restraint of trade in contemplated by the City of Meriden and the successful bidder. The defendants also argue that count one should be stricken because they are immune from an antitrust action since a state action exemption exists.
The plaintiff avers that Practice Book Sec. 137 allows the plaintiff to claim both money damages and an injunction based upon an alternative construction of its cause of action. In addition, the plaintiff argues that count one should not be stricken because the plaintiff does in fact allege an unreasonable restraint of trade and commerce. The defendants are not exempt from the antitrust statutes, according to the plaintiff, because the defendants' activities are merely approved by statute rather than directed or required by statute.
"`In any civil action, the plaintiff may include in his complaint both legal and equitable rights and causes of action, and demand both legal and equitable remedies. . . .'" [R R Pool Home, Inc. v. Ehrens], Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 291825 (April 5, 1993, Ballen, J.), quoting Practice Book Sec. 133. In [R R Pool Home, Inc. v. Ehrens], supra, the defendant moved to strike the plaintiffs entire complaint on the grounds that the plaintiff sought both money damages and equitable relief for each cause of action. In denying the defendant's motion to strike, the court held that the plaintiff could seek both legal and equitable relief based on each cause of action. Id.
In the present case, the plaintiff seeks injunctive relief in counts one and two, and money damages in count one and in the prayer for relief. The defendants argue that since the plaintiff claims money damages, the plaintiff is not entitled to injunction relief and the entire complaint should be stricken. However, the defendant's argument is misplaced.
The court can find no provision in the Practice Book which allows a party to strike an entire complaint because the relief sought is improper. A motion to strike a complaint is "limited strictly to whether [a complaint] states a legally cognizable cause of action." [Kelman v. Post].8 CSCR 1104
(September 17, 1993, Riddle, J.). The defendants, however, do not attack the legal sufficiency of the counts, but rather the relief sought. "`The only pretrial method to attack a prayer for relief is a motion to strike.'" [Kelman], supra. "If the relief sought does not correspond with the allegations in the complaint, [the prayer for relief] is demurrable." [Hennessey v. People's Bank], Superior Court, Judicial District of New Haven at New Haven, Docket No. 334192 (February 9, 1993, CT Page 4558 Gray, J.). Since this court is limited to the grounds specified in the motion, the defendants' motion to strike the entire complaint is denied.
In their memorandum of law, the defendants argue, with respect to count one, that the plaintiff does not properly allege an antitrust violation because no monopoly or illegal restraint of trade was contemplated by the City of Meriden and the successful bidder. The plaintiff argues that it sufficiently alleges an unreasonable restraint of trade and commerce pursuant to General States Secs. 35-26 and 35-28.
General Statutes Sec. 35-26 states that "[e]very contract, combination, or conspiracy in restraint of any part of trade or commerce is unlawful." In the present case, the plaintiff alleges in paragraph 41 of the first count that "[d]efendants . . . engaged in a combination and conspiracy as described below . . . in unreasonable restraint of the aforesaid interstate trade and commerce . . . ." The plaintiff alleges that the combination and conspiracy consisted of submitting collusive non-competitive and rigged bids to the City of Meriden with respect to the leasing of the City's airport. The plaintiff alleges further that Johnnycake Aviation submitted an intentionally false and misleading, collusive nonconforming bid. As these `facts provable under [the complaint] would support a . . . cause of action, the motion to strike must fail." [Mingachos v. CBS, Inc.],196 Conn. 91, 109, 491 A.2d 368 (1985). The plaintiff sufficiently alleges an antitrust violation pursuant to General Statutes Sec. 35-24
et seq.
The defendants also argue that they are exempt from the antitrust laws of Connecticut. General Statutes Sec. 35-31 sets out exceptions to the Connecticut Antitrust Act. General, Statutes Sec. 35-31(b) exempts "those activities of any person when said activity is specifically directed or required by statute of this state, or of the United States." Practice Book Sec. 164 states that "[n]o facts may be proved under either a general or specific denial except such as show that the plaintiffs statements or fact are untrue. Facts which are consistent with such statements but show, nothwithstanding, [notwithstanding] that he has no cause of action, must be specially alleged." Governmental immunity, for example, should be specifically pleaded, unless it is apparent from the allegations of the complaint. [Trzaska v. City of Hartford], 12 Conn. Sup. 301, 302 (1943). The defendants' claim is that of governmental immunity and since they are claiming facts consistent with the plaintiffs statements but that the plaintiff has no cause of action, the exemption under General Statutes Sec.35-31(b) should be specially pleaded. Facts which require special pleading cannot be the basis of a motion to strike. See [Trzaska], supra; see also [Forbes v. Ballaro], 31 Conn. App. 235, 239, 624 A.2d 389 (1993) (where a claim that an action was barred by the statute of limitations had to be CT Page 4559 specially pleaded and could not be raised by a motion to strike). Since this court is limited to the grounds specified in the motion, the defendants' motion to strike is denied.
Stanley, J.