[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE
On April 29, 1998, the plaintiff filed an amended two-count complaint against Cavalry Baptist Church and the town of Darien seeking recovery for injuries the plaintiff sustained when a tree limb overhanging a municipal parking lot fell on her head. The first count alleges negligence against both defendants, and the second count alleges recklessness against the town only. The town has filed a motion to strike the second count on the grounds that the count fails to allege sufficient facts to support a claim of reckless conduct and such a cause of action is barred by governmental immunity.
The motion to strike on the basis that count two fails to state a cause of action because it relies on the factual allegations of the negligence count is granted. In order to state a cause of action for recklessness, apart from simple negligence, a plaintiff must allege facts constituting a conscious choice to perform or refrain from performing acts, constituting highly unreasonable conduct, with the knowledge of a strong probability that harm would result or that a high degree of danger was apparent. Because the plaintiff has failed to so allege, the motion to strike the second count of the amended complaint is granted.
The town's motion to strike the plaintiff's amended complaint on the basis that the doctrine of governmental immunity insulates it from liability for causes of action sounding in recklessness is denied since a motion to strike is inappropriate where it is not apparent on the face of the complaint whether the alleged acts or omissions of the town were ministerial or governmental.
The following legal principles pertain to the court's consideration. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael. Inc.v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachos v. CBSCT Page 14773Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Brothers,Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). The court must construe the "complaint in the manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank,219 Conn. 465, 471, 594 A.2d 1 (1991). Therefore, the court must view the facts "in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly probable under them." (Internal quotation marks omitted.) Zeller v. Mark, 14 Conn. App. 651, 654, 542 A.2d 752
(1988). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems Inc. v. BOC Group Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
The Court will first discuss the motion's address to the legal insufficiency of the claim because of the governmental immunity doctrine. The town argues that the doctrine of governmental immunity granted under General Statutes § 52-557n (2)(A) insulates it from liability for causes of action sounding in recklessness. The court need not reach that issue, however, since the court concludes that a motion to strike the present amended complaint based on governmental immunity is improper.
When "it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant [is] not required to plead governmental immunity as a special defense and [may] attack the legal sufficiency of the complaint through a motion to strike." Brown v. Branford,12 Conn. App. 106, 111 n. 3, 529 A.2d 743 (1987); see Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). But see Levien v. Iron Horse Development, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 050131 (March 26, 1996, Skolnick, J.) (holding that the defendant may not claim the defense of governmental immunity in a motion to strike because it must be raised as a special defense). "But where it is not apparent from the allegations of the complaint that the municipality was so engaged, then the defense of governmental immunity should be pleaded." Trzaska v.Hartford, 12 Conn. Sup. 301, 302, ___ A.2d ___ (1943), citing CT Page 14774Hoffman v. Bristol, 113 Conn. 386, 387, 155 A. 499 (1932). "In the absence of a proper basis for determining whether the [municipality] was in the performance of a governmental duty, the complaint is not [subject to a motion to strike] on the ground that any violation of the duties involved discretionary or supervisory functions . . . In the absence of such allegations (which would be admitted by [a motion to strike]) to establish the basis of the defendants' claim on [such a motion], it is necessary to await the evidence which may he adduced upon trial."Fraser v. Henninger, 173 Conn. 52, 61, 376 A.2d 406 (1977).
On the face of the plaintiff's complaint, it is not apparent whether the alleged acts or omissions of the town were ministerial or governmental. If the actions are not clearly governmental, the motion to strike must be denied. See Fraser v.Henninger, supra, 61 (reversing the sustaining of a demurrer on basis of governmental immunity because it was unclear whether the defendant's employees' duties were discretionary or supervisory);Trzaska v. Hartford, supra, 12 Conn. Sup. 302 (holding that the defense of governmental immunity must be affirmatively pleaded where the allegations in the complaint did not make clear whether the municipality was engaged in a governmental function); Vega v.Williams, Superior Court, judicial district of New London at New London, Docket No. 540748 (July 17, 1997, Hurley, J.) (denying motion to strike based on governmental immunity because it was not apparent from the face of the complaint whether the city was engaged in ministerial or governmental actions). Accordingly, the motion to strike count two on the basis of governmental immunity is denied.
The Court will now discuss the second ground of the motion to strike.
The town also argues that the second count of the amended complaint should be stricken because the recklessness count relies on the same set of facts alleged in the negligence count.
"Recklessness is a state of consciousness with reference to the consequences of one's acts . . . It is more than negligence, more than gross negligence . . . The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them." (Citations omitted; internal quotation marks omitted.) Dubay v. Irish, CT Page 14775207 Conn. 518, 532, 542 A.2d 711 (1988). Reckless conduct has been defined as that which "`tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent . . . It is at least clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention.'" Id., 533, quoting W. Prosser W. Keeton, Torts (5th Ed.) § 34, p. 214. "[I]t `requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man,' and . . . the actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent.'" Rogers v.Doody, 119 Conn. 532, 535, 178 A. 51 (1935), quoting 2 Restatement (Second), Torts § 500, comment g. "Alleged misconduct deemed to be `reckless' . . . differs from intentional misconduct. `While an act to be reckless must be intended by the actor, the actor does not intend to cause the harm which results from it.'. . . `It is enough that he realizes or, from facts which he knows, should realize that there is a strong probability that harm may result, even though he hopes or even expects that his conduct will prove harmless.'" Mingachos v. CBS Inc., supra,196 Conn. 103, quoting 3 Restatement (Second), Torts § 500, comment f. Indeed, "[r]eckless conduct describes a state of conscious choices with reference to the consequences of one's acts, where the actor does not intend the resulting harm, but nonetheless chooses to perform certain acts knowing that there is a strong probability that harm may be the consequence of those acts." Benson v. Rourke, Superior Court, judicial district of Waterbury, Docket No. 122827 (March 20, 1995, Flynn, J.).
"A cause of action claiming . . . reckless misconduct is `separate and distinct' from a cause of action alleging negligence." Belanger v. Village Pub I. Inc., 26 Conn. App. 509,513, 603 A.2d 1173 (1992), quoting Kostiuk v. Oueally,159 Conn. 91, 94, 267 A.2d 452 (1970). "There is a wide difference between negligence and a reckless disregard for the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on." (Internal quotation marks omitted.)Kostiuk v. Oueally, supra, 159 Conn. 94; see Warner v.Leslie-Elliott Constructors, Inc., 194 Conn. 129, 138,479 A.2d 231 (1984). "The mere use of the words `reckless' and `wanton' CT Page 14776 is insufficient to raise an actionable claim of reckless and wanton misconduct." Sheiman v. Lafayette Bank Trust Co.,4 Conn. App. 39, 46, 492 A.2d 219 (1985). "A claim for wanton and reckless misconduct, which is unsupported by sufficient alleged facts to support it, is a mere conclusion of law and is subject to a motion to strike." Muckle v. Francis, Superior Court, judicial district of New London at New London, Docket No. 518276 (August 13, 1992, Leuba, J.), citing Sheiman v. Lafayette Bank Trust Co., supra, 4 Conn. App. 46. "Where one count of a complaint sounds in negligence and another count attempts to state a cause of action for recklessness by relying on the same fact pattern as the negligence count and simply [refers] to such conduct as reckless, a cause of action for recklessness has not been sufficiently alleged." (Internal quotation marks omitted.)Sullivan v. Hocon Gas, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 331786 (July 16, 1997, Hartmere, J.) (20 CONN. L. RPTR. 77).
Paragraphs 16-18 of the second count of the amended complaint allege the following: "16. Darien recklessly ignored that the tree in question is an ailanthus tree, is weak and brittle, should never be used as a street side tree, had highly visible signs of structural weakness, including a large vertical crack extending from the failed limb, extended over the municipal parking lot, had a history of spontaneously shedding numerous limbs, and that another limb was likely to fall from this tree and strike a patron of the parking lot.
"17. In the face of a known hazard, [the town] abdicated its responsibility to protect patrons using the municipal parking lot, justifying its failure to act on the claim that it did not own the tree and thus had no obligation to remove limbs that overhung the parking lot.
"18. Darien's conduct, as aforesaid, was done with reckless disregard for the health and safety of the plaintiff and other patrons of the municipal parking lot." Amended Complaint, ¶¶ 16-18.
Count two of the plaintiff's amended complaint is insufficient to state a cause of action for recklessness. The count fails to sufficiently allege how factually the town has made a[1]conscious choice to perform or refrain from performing acts with either the knowledge of a strong probability that harm would be the consequence of those acts or omissions, or CT Page 14777 where actual knowledge of the strong possibility of such harm is not present but any reasonable person would have appreciated its high likelihood. Sheiman, id at 45.
For the reasons stated, the town's motion to strike the second count of the plaintiff's amended complaint is granted.
FLYNN, J.