THE STATE OF NEW JERSEY, RESPONDENT, v. PETER J. RODGERS, PROSECUTOR.

Argued November 8, 1916—Decided February 21, 1917.

1. The legislature cannot deprive a man of his right to be indicted by a grand jury in case a charge of a crime at common law is made against him by enacting that his conduct shall make him a disorderly person punishable in a summary manner under the Disorderly Persons act.
2. The question whether the offence with which a man is charged is a crime at common law, cannot be made to depend on a mere matter of nomenclature. It depends on the real case presented.
3. One who, when "good and drunk," drives a large automobile on a public street of a city, and through the front window of a saloon, breaking the glass and framework of the window, and driving the front of his car to the front of the bar, is guilty of a public nuisance at common law.

On *certiorari.*

Before Justices SWAYZE, MINTURN and KALISCH.

For the prosecutor, *William A. Sumner.*

For the defendant, *Josiah Stryker.*

The opinion of the court was delivered by

SWAYZE, J. This case should not be entitled Rodgers *v.* Recorder of Paterson. The writ is directed to the recorder as custodian of the record only. The case should be entitled, under rule 15, as it was before the recorder, "State of New Jersey *v.* Peter J. Rodgers."

Peter J. Rodgers was convicted by the recorder of being a disorderly person under chapter 67 of the laws of 1913. *Pamph. L., p.* 103. The act provides that any person who operates an automobile, motor, or any other vehicle over any public street or highway while under the influence of intoxicating liquors shall upon conviction be punished by an imprisonment of not less than thirty days and not more than six

months. The act is one of an increasing class of acts whereby the legislature seeks to punish offences by summary proceedings, evidently with a design of avoiding trial by jury. That this can be accomplished in a certain class of cases is settled. *Howe* v. *Treasurer of Plainfield,* 37 *N. J. L.* 145; *Riley* v. *Trenton,* 51 *Id.* 498. That it cannot be accomplished in another class of cases is also settled. *State* v. *Anderson,* 40 *Id.* 224; *Atlantic City* v. *Rollins,* 76 *Id.* 254. The recognized line of distinction is between offences indictable at common law and offences created by statute. In the present case, the statute is applicable to cases of both classes. One who operates an automobile or motor vehicle while under the influence of intoxicating liquor is almost sure to be guilty of a public nuisance, although it is conceivable that the vehicle might be of so low a power and weight and operated at so slow a speed that it could not be properly found to be a nuisance. On the other hand, one who operates (to use the word of the statute) an ox-cart while under the influence of intoxicating liquors would be within the words of the statute, but could hardly be called guilty of a public nuisance. Since the statute applies to offences that may not be a crime at common law, as well as offences that may be, we must look to the facts of the case to determine whether the present proceeding is an attempt to convict Rodgers of a crime without an indictment by a grand jury as required by the constitution or whether it is an attempt to convict him merely of disorderly conduct which may properly be done by summary proceedings before a magistrate. This question is not to be determined by the mere language of the statute. The legislature cannot, for instance, deprive a man of the constitutional safeguard when he is charged with larceny by authorizing his prosecution and imprisonment under the Disorderly act for a statutory conversion or a statutory stealing. *State* v. *Randall,* 53 *Id.* 485. The question of a man's constitutional rights cannot be made to depend on a mere matter of nomenclature. We must look at the real case that is presented.

The proof in this case is that the defendant drove his automobile through the front window of a saloon, breaking the

glass and the wooden framework of the window, and drove the front part of the car to the front end of the bar in the saloon; that he was driving his car, which was a large automobile, that he seemed to be quite excited and was "good and drunk." We think this shows a case of public nuisance indictable at common law. A large automobile capable of doing what this one did, is an engine of such power that when driven on the public street by an intoxicated man, endangers life and limb of the public in general and is well within the definition of a public nuisance. The driver may be liable to conviction as well for manslaughter. *State* v. *Campbell,* 82 *Conn.* 671; 17 *Anno. Cas.* 236; *People* v. *Darragh,* 126 *N. Y. Supp.* 522; or for reckless driving, *Commonwealth* v. *Horsfall,* 213 *Mass.* 232; 100 *N. E. Rep.* 362; *Anno. Cas.* 1914, *A.* 682; or for assault and battery, *State* v. *Schutte,* 87 *N. J L.* 15; *affirmed,* 88 *Id.* 396. Such conduct is quite as much a nuisance as the habitual sale of intoxicating liquor, as in *State* v. Anderson, cited above, and habitual Sunday sales, as in *Meyer* v. *State,* 41 *Id.* 6. Where the offence to the public is so serious the legislature could not have intended to minimize it to mere disorderly conduct, and the attempt to so treat it deprives the defendant of his constitutional rights.

The judgment must be reversed.