## RICHARD BUSH *vs.* THE CITY OF NORWALK.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, JS.

Argued January 5th—decided February 4th, 1937.

*Paul R. Connery,* Corporation Counsel, and *Samuel R. Sallick,* for the appellant (defendant).

*John Keogh, Jr.,* for the appellee (plaintiff).

MALTBIE, C. J. The plaintiff, a boy eight years old, brought this action to recover for injuries received by him resulting from a fall from a narrow wooden beam, while he was walking along it in the course of his training and instruction in a public school of the defendant city. The complaint alleged that this beam, from its construction and use upon the slippery floor of the class room where he fell, constituted a nuisance. The jury returned a verdict for the plaintiff and the defendant has appealed both from the refusal of the trial court to set that verdict aside and from the

judgment entered upon it. The defendant in its brief states that the questions raised all center around one contention, that the facts in the case do not show that the beam as it was constructed and used at the time the plaintiff fell constituted a nuisance.

The beam, called a balance beam, was used in the course of the regular physical education in the school. It was standard equipment used generally in the schools of the city and purchased from one of the leading manufacturers of such articles in the country. It was twelve feet long, the top being nine and three-quarters inches and the bottom about three inches above the floor. The top of the beam was about two inches wide and slightly rounded. It had an iron support at each end, arched in shape and with two feet resting upon but not attached to the floor. The contact surface of each of the feet was curved, about two inches long over all and a quarter to a third of an inch wide; and the surface was smooth and had nothing to prevent its slipping on the floor. The beam was being used by children wearing ordinary shoes. There were no mats or pads along it. Its use in the school has been discontinued except out of doors. The jury might reasonably have found that the floor where the beam was placed had been oiled and was somewhat slippery; that this was the first time it had been used in that room during the school year; that the top of the beam had been varnished and was also slippery; and that, while the plaintiff under the supervision of his teacher was walking along it, it slipped on the floor to one side, causing him to fall. From these facts the jury could reasonably have concluded that the beam as used upon the floor of the class room, was likely to slip and cause any child upon it to fall and that it was a source of danger to the children using it.

The defendant claims that the only fault with which

it can be charged was negligence in the use of the beam upon the floor of the class room, without taking precautions to prevent its slipping. A nuisance may have its origin in negligence. *Swift & Co.* v. *Peoples Coal & Oil Co.*, 121 Conn. 579, 588, 186 Atl. 629. It is not always easy to determine when the nuisance as distinguished from the negligence arises. At least in such a case as this, to constitute a nuisance there must have arisen a condition the natural tendency of which is to create danger and inflict injury upon person or property; *Hoffman* v. *Bristol,* 113 Conn. 386, 389, 155 Atl. 499; there must be more than an act or failure to act on the part of the defendant; *Bowman* v. *Humphrey,* 132 Iowa, 234, 109 N. W. 714; the danger created must have been a continuing one. *McFarlane* v. *Niagara Falls,* 247 N. Y. 340, 344, 160 N. E. 391. In this case the jury might have found that the negligence of the defendant's employees in placing the beam upon the slippery floor had resulted in a continuing condition the natural tendency of which was to create danger and to inflict injury upon all children using it and that, as matter of fact, a nuisance was created by the use of the beam upon the floor. We do not understand the defendant to contend that if it were chargeable with the creation and maintenance of a nuisance it was not liable in this case.

There is no error.

In this opinion the other judges concurred.