JAMES DeMARE *v.* CHARLES GUERIN ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued March 9—decided April 5, 1939.

*John Keogh, Jr.*, for the appellant (plaintiff).

*Samuel R. Sallick*, with whom, on the brief, was *Paul R. Connery*, for the appellee (defendant city of Norwalk).

MALTBIE, C. J.   The plaintiff, a passenger in a car driven by Herbert Feinberg, was injured as a result of a collision between it and another car owned by the defendant city of Norwalk as a part of the equipment of its fire department, and being driven at the time by the other defendant, Guerin, who was alleged to have been operating it in the course of his employment as a mechanic of that department.   When the plaintiff had concluded offering his testimony in chief, the city moved for a nonsuit in its favor, which the trial court granted.   The case then proceeded and the plaintiff secured judgment against Guerin.   From the denial of a motion to set aside the nonsuit granted to the city, the plaintiff has appealed.   He bases his claim

upon the ground that the operation of the automobile by Guerin in the condition in which it was constituted a nuisance.

Taking the view of the evidence most favorable to the plaintiff, the jury might have found the following facts: The car driven by Guerin had been purchased by the city in 1921. It was a Buick roadster with brakes only on the rear wheels and with wooden wheels. It was used until 1929 by the chief of the fire department, but in that year it was turned over to Guerin for use by him in connection with his duties as a mechanic of the department. Just prior to the accident he was driving it at a speed of about forty miles an hour. Due to the stopping of a truck which was proceeding ahead of him in the same direction, he applied the brakes on his car with considerable force. One rear wheel locked so that it made a skid mark upon the dry pavement, but the other rear wheel continued to turn. The car, out of control of the driver, swerved toward that driven by Feinberg. The defective braking threw the car out of balance and the rear wheel which had not locked broke. This swung the car further toward that of Feinberg and caused a collision between the two, resulting in the plaintiff's injuries.

We have held that the operation of an unlicensed automobile upon the highways does not constitute a nuisance; *Gonchar* v. *Kelson,* 114 Conn. 262, 271, 158 Atl. 545; that an automobile is not in itself an intrinsically dangerous instrument, to be classed with ferocious animals or high explosives; *Greeley* v. *Cunningham,* 116 Conn. 515, 518, 165 Atl. 678; and that where injury results from a momentary negligence in its operation, it cannot be said to be due to a nuisance. *Brock-Hall Dairy Co.* v. *New Haven,* 122 Conn. 321, 189 Atl. 182. In the last case we said (p. 326): "Under our conception of the term, a nuisance arises from

the creation or maintenance of a condition having a natural tendency to cause danger and inflict injury; *Stoto* v. *Waterbury,* 119 Conn. 14, 22, 174 Atl. 189; also the use of an intrinsically dangerous agency, the necessary and obvious effect of which is to cause harm, would constitute a nuisance. *Worth* v. *Dunn,* 98 Conn. 51, 62, 118 Atl. 467." We are not disposed to hold that under no circumstances could the operation of an automobile upon the highways bring it within the class of intrinsically dangerous instrumentalities. Thus in *Texas Co.* v. *Valoz* (Tex. Civ. App.) 162 S. W. 377, it was held that the operation of an automobile which was out of repair upon the highways would not per se constitute a nuisance, yet when it was in such a mechanical condition that it ran only at full speed, which could not be lessened or regulated, it might be held to be one; and in *State* v. *Rodgers,* 90 N. J. L. 60, 99 Atl. 931, it was held that the operation of a large automobile upon the public streets by an intoxicated man was within the definition of a public nuisance; see also *State* v. *Dixon,* 181 S. C. 1, 6, 186 S. E. 531. It might constitute a nuisance to operate an automobile upon the highways when it was in such a mechanical condition that even if driven with all proper care it would still have a natural tendency to collide with other vehicles or run against pedestrians, as where, for example, its braking system was wholly ineffective. That result would not follow, however, where, due to some sudden or unexpected cause, the brakes failed and the car got out of control. In such a case as this, to constitute a nuisance the danger must have been a continuing one. *Bush* v. *Norwalk,* 122 Conn. 426, 428, 189 Atl. 608.

Upon the evidence, the breaking of the wheel in this case could be found to be due only to the imperfect operation of the braking system. There was

no evidence that, previous to the occurrence in question, the brakes had not been operating properly and no explanation of their failure at this time. It was as likely an explanation as any other, that this failure was due to some suddenly developing defect. The trial court was correct in holding that the jury could not reasonably find upon the evidence that the operation of the car by Guerin constituted a nuisance.

There is no error.

In this opinion the other judges concurred.