GEORGE ZATKIN *v*. MORRIS KATZ ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued February 7—decided March 6, 1940.

*DeLancey Pelgrift,* with whom, on the brief, was *M. J. Blumenfeld,* for the appellant (defendant The Waterbury Wrecking Company).

*David R. Lessler,* for the appellee (plaintiff).

AVERY, J.   The plaintiff brought this action originally against P. J. Katz, Inc., a corporation, Morris J. Katz, and The Waterbury Wrecking Company.  Before trial, the suit was withdrawn as against the defendant P. J. Katz, Inc. and the action proceeded against the other two defendants.  The complaint was in one count and alleged that the plaintiff was injured by the negligence of both defendants, and by amend-

ment also alleged that the plaintiff's injuries were caused by the action of the defendant The Waterbury Wrecking Company in creating a nuisance in the highway. At the trial, the plaintiff claimed to have proved these facts: On December 31, 1937, the defendant The Waterbury Wrecking Company was engaged in demolishing a building in Ansonia, Connecticut, and sold certain of the steel salvaged therefrom to the defendant Morris J. Katz, who lived and did business in Danbury. Among the materials sold to Katz were a number of steel girders eighteen to twenty feet in length and each weighing from eight hundred to one thousand pounds, which the Wrecking Company agreed to load upon a truck belonging to Katz so that he might remove them to Danbury. On the day in question, Katz drove from Danbury to the premises in Ansonia and the Wrecking Company, by means of a derrick operated by it, loaded several of these girders upon his truck. They were placed on top of each other along each side of the cab at a diagonal with the body of the truck, so that the front ends projected six to eight inches beyond the running board, which was the furthest projecting edge of the truck, and portions of the girders in the back extended about six feet beyond the rear of the truck. The position of the girders, with the rear ends protruding, caused the truck to sway as it proceeded, making it more difficult than ordinarily to keep the vehicle upon a straight path upon the highway. While proceeding along the highway to Danbury at about 5 p. m., the truck swerved somewhat to the left, its left wheels going beyond the center line of the highway, and the end of one or more of the girders projecting on the left side of the truck beyond the running board came in contact with the left side of plaintiff's car, which was proceeding in an opposite direction, tearing away the

left side of it and forcing it into the pathway of a third car proceeding westerly behind the truck, whereby the plaintiff's car was demolished and the plaintiff injured. No part of the Katz car actually came in contact with that of the plaintiff.

The defendant The Waterbury Wrecking Company claimed to have proved these facts: The agreement between it and the defendant Katz embraced only the sale of the metal and did not provide for its removal or transportation. As an accommodation to Katz, the servants of the defendant Wrecking Company operated a derrick, raising the beams from the ground and lowering them upon the truck, but had nothing to do with the position in which they were placed thereon. The beams were arranged on the truck by Katz and his helper with crowbars provided for that purpose.

The trial court set aside the verdict in favor of the defendant The Waterbury Wrecking Company upon the ground that the charge of the court had unduly limited the scope of the plaintiff's cause of action. The only question involved on this appeal is the correctness of this ruling. The charge is a long one and it would be unprofitable to attempt to set it forth at length. The substance of the court's instructions, however, was to the effect that "The gist of the action so far as The Waterbury Wrecking Company is concerned is the creation or participating in the creation of an inherently dangerous instrumentality to be used upon the highway. If the company created, or assisted in the creation of such an instrumentality, knowing that it was to be operated on the highway, it would be liable if that condition was the proximate cause of injury to the plaintiff, provided he was free from negligence on his part materially or essentially contributing to these injuries. This result would not follow, however, if what it did was done as a mere volun-

tary act, or to lend a helping hand, but if it was its duty to load the girders onto the truck, it then owed the duty to see that they were so placed that they would not be inherently and imminently dangerous to other users on the highway, provided the defendant knew or should have known that the truck was to be used upon the highway."

There were two causes of action stated in the complaint and within the claims of proof of the parties in this case. The first was for negligence of the defendants in loading the truck and of the defendant Katz in operating it, the second cause of action was that the servants of the Wrecking Company assisted in creating a nuisance by loading the truck in such manner that the ends of the steel beams projected beyond the running board, knowing that the vehicle was to be operated on the highway. The rules of law applicable to these two causes of action were not distinctly stated. The operation of the truck with the girders projecting beyond the running board upon the left side was in violation of statute. General Statutes, Cum. Sup. 1935, § 642c. It was negligence in and of itself and might be found by the jury to be a nuisance in fact. *DeMare* v. *Guerin*, 125 Conn. 362, 365, 5 Atl. (2d) 711. The jury should have been instructed that if the defendant Wrecking Company, through its servants, loaded the truck in such manner knowing it was to be operated upon the highway, it was liable for any injuries of which its manner of loading was the proximate cause. It would not affect the liability of the Wrecking Company whether this service was performed gratuitously or resulted from contract. If, through its servants, it caused the truck to be so loaded as to constitute a nuisance upon the highway, knowing that it was to be so operated, it could not escape liability for injuries to users of the highway caused

thereby. The charge of the court that the Wrecking Company would not be liable if its act in assisting in loading the girders was voluntary, but would be liable if its act was a result of contract was incorrect. If one undertakes to perform an act and performs it negligently or in such manner as to create a nuisance and another is injured thereby, it makes no difference whether the motive leading to the performance of the act was the carrying out of a contractual obligation or whether the act was performed gratuitously and without compensation. *Dean* v. *Hershowitz,* 119 Conn. 398, 407, 177 Atl. 262; 45 C. J. 646.

The jury should also have been informed that, if they found that the manner in which the girders were loaded upon the truck by the defendant Wrecking Company was a substantial factor in producing the plaintiff's injuries and also that there was negligence on the part of Katz in operating the truck which concurred in contributing to that result, then the Wrecking Company would still be liable unless the negligence of Katz was of such a character as to break the causal connection between the original wrongful conduct of the Wrecking Company and the injuries to the plaintiff, and was of such a character as to entirely supersede the operation of the act upon the part of the Wrecking Company; and that in no case could the connection between the original wrongful act of the Wrecking Company be broken by the intervening act of Katz, if a man of ordinary sagacity and experience acquainted with all the circumstances could have reasonably anticipated that the intervening event might not improbably, but in the natural and ordinary course of things, follow the original wrongful act of the Wrecking Company. *Lombardi* v. *Wallad,* 98 Conn. 510, 518, 120 Atl. 291; *Wells* v. *Lavitt,* 115 Conn. 117, 121, 160 Atl. 167; *Boileau* v. *Williams,* 121 Conn. 432,

440, 185 Atl. 429; *Corey* v. *Phillips,* 126 Conn. 246, 255, 10 Atl. (2d) 370. The trial court did not err in setting aside the verdict.

The contention of the defendant that any error in the instruction of the court upon the question of nuisance was cured by the general verdict in its favor cannot be sustained. As applied to this defendant, the issues raised under the claims of proof were: (1) Was the defendant negligent in loading the truck; and (2) did the defendant create a nuisance. It was the right of the plaintiff to have the jury correctly instructed as to the principles of the law applicable to each of these issues. *Ratti* v. *Berry & Sons, Inc.,* 98 Conn. 522, 523, 119 Atl. 894; *Petrillo* v. *Kolbay,* 116 Conn. 389, 394, 165 Atl. 346. This is not a case of distinct grounds of defense to a single cause of action. *Ziman* v. *Whitley,* 110 Conn. 108, 112, 147 Atl. 370; *Knight Realty Co., Inc.* v. *Caserta,* 126 Conn. 162, 166, 10 Atl. (2d) 597.

There is no error.

In this opinion the other judges concurred.