LICIA WARREN *v.* CITY OF BRIDGEPORT.

MALTBIE, C. J., AVERY, JENNINGS, ELLS and DICKENSON, JS.

---

Argued June 3—decided July 28, 1942.

*Jacob Greenspun* and *Isadore L. Kotler*, with whom, on the brief, was *Frank Habansky*, for the appellant (plaintiff).

*Walter Werner*, with whom, on the brief, were *Harry Schwartz* and *John V. Donnelly*, for the appellee (defendant).

DICKENSON, J. In this action, tried to a jury, a passenger in a private automobile sued the defendant city for personal injuries arising out of a collision between that car and a mechanical street sweeper belonging to the city and operated by its employee. The complaint contained a first count based on negligence and a second count based on nuisance. A verdict was rendered for the plaintiff. A motion to set this verdict aside was made by the defendant on the grounds that it was against the law and the evidence and was excessive. It was granted upon these grounds and also because of errors in the charge. The plaintiff has appealed from that ruling. She assigned as error all grounds upon which the court based its ruling, but by stipulation of the parties the defendant has abandoned its claim that the verdict was excessive. The defendant has filed a bill of exceptions directed to certain rulings on evidence.

As to the plaintiff's claim that the verdict was not against the evidence, the jury could have found that the street sweeper, which weighed about five tons, was eight feet in width, seven feet high, about twelve feet long, was painted gray, was dark in appearance and had but one light visible; that the time was 1:30 a.m. and the night foggy; that the sweeper was being operated in a southerly direction in an easterly lane of a public highway where traffic moved in a northerly or opposite direction; and that it collided with the car in which the plaintiff was a passenger and which was proceeding in a northerly direction.

In support of the court's ruling setting aside the verdict because it was against the evidence, the defendant advances three reasons in its brief. These are that the jury must have drawn inferences contrary to indisputable physical facts, arrived at conclusions from evidence untrue on its face and been moved by

sympathy or prejudice. From the facts above recited the jury might reasonably have found that the use of the sweeper in the circumstances produced a condition which had a natural tendency to cause danger and inflict injury, and which constituted a nuisance in fact. *Bush* v. *Norwalk,* 122 Conn. 426, 428, 189 Atl. 608; *Brock-Hall Dairy Co.* v. *New Haven,* 122 Conn. 321, 326, 189 Atl. 182; *Wolfe* v. *Rehbein,* 123 Conn. 110, 116, 193 Atl. 608. Nor were the physical facts so indisputable and the contradictory testimony of so conclusive and important a character as to require that the decision of fact be taken from the jury.

The claim of the defendant that there was lacking the element of continuance necessary to establish nuisance (*Bush* v. *Norwalk,* supra) is answered in *DeMare* v. *Guerin,* 125 Conn. 362, 365, 5 Atl. (2d) 711, where we stated that we were not disposed to hold that under no circumstances could the operation of an automobile upon the highways constitute a nuisance. And while in that case we held there was no nuisance, the decision was on the ground that the facts disclosed no continuing danger. In the instant case the presence of the sweeper for the time and under the circumstances described might reasonably have been found to have been a continuing danger. *Zatkin* v. *Katz,* 126 Conn. 445, 449, 11 Atl. (2d) 843.

Early in its charge the trial court expressly and rightly removed the count on negligence from the consideration of the jury on the ground of governmental immunity.

Before proceeding with its instructions upon the law of nuisance, the trial court instructed the jury in the common law and statutory duties of operators of motor vehicles upon public highways and stated that a mere violation of a statute or reasonable standard of conduct did not furnish a basis for recovery but that

"it must appear by a fair preponderance of the evidence that the violation of the law on the part of the defendant, if there was one, materially contributed to or was a substantial factor" in causing the injuries.

The trial court was correct in instructing the jury as to the duties of operators of vehicles on public highways and in their right to assume that other operators would comply with these duties until the contrary was reasonably apparent. This was relevant to the question of contributory negligence. But the court went further and charged in substance that a violation of such duties by the defendant's employee might be ground for recovery if it was a substantial factor in causing the plaintiff injuries, thereby in effect restoring to the consideration of the jury the count on negligence which earlier had been removed. Nor was there any obligation on the part of the plaintiff to prove negligence on the part of the defendant in order to recover from the defendant upon the ground of nuisance. "Where a municipal corporation creates and maintains a nuisance it is liable for damages to any person suffering special injury therefrom, irrespective of whether the misfeasance or nonfeasance causing the nuisance also constituted negligence." *Hoffman* v. *Bristol,* 113 Conn. 386, 389, 155 Atl. 499.

Whether or not the origin of the condition complained of was negligence, the determining element in deciding the right to recovery for nuisance is whether the natural tendency of the condition was to cause damage and inflict injury, and whether this was its effect in a given case. The law of nuisance deals with a specific existing condition and the results which may follow from it, not, except as to contributory negligence, with the circumstances out of which that condition arose. As far as a breach of duty on the part of the person chargeable with creating or maintaining

that condition is concerned, there is no occasion to consider or to submit to the jury as an issue the question of any negligence out of which it grew. It is sufficient if the plaintiff proves the defendant responsible for the nuisance regardless of negligence in its creation and maintenance.

A nuisance not originating in negligence is "sometimes characterized as an 'absolute nuisance.'" *Hill* v. *Way*, 117 Conn. 359, 363, 168 Atl. 1. The only practical distinction between such a nuisance and one which has its origin in negligence is that contributory negligence is no defense to the former but may be to the latter. *Hoffman* v. *Bristol*, supra, 393. If the trial court finds that the nuisance, if any, is an absolute nuisance as a matter of law, the jury should be instructed to that effect and that contributory negligence is no defense thereto. If the trial court finds that it is a question of fact whether the claimed nuisance is absolute or arose out of negligence, this issue should be submitted to the jury. If contributory negligence on the part of the plaintiff is alleged and there is a question of fact whether the nuisance is one arising out of negligence or is an absolute nuisance, the defendant has the burden of proving its origin in negligence in order to establish contributory negligence as a bar to recovery.

The jury were further instructed that if the conduct of the city through its employee indicated a reckless disregard of the just rights or safety of others it would constitute wanton misconduct and the defense of contributory negligence would not bar recovery. Having instructed the jury to disregard the first count, the trial court must have had reference to the second. It is true that it is therein alleged that the presence of the sweeper in the street "created an inherently dangerous and hazardous obstruction . . . and wantonly

and wrongfully exposed the plaintiff to danger and constituted a menace and nuisance." But this falls short of a proper allegation of wanton misconduct on the part of the defendant. *Brock* v. *Waldron,* 127 Conn. 79, 80, 14 Atl. (2d) 713.

The only remaining assignment of error necessary to refer to is that which involved the setting aside of the verdict by the court on the ground that it charged as to damages regardless of liability. The court expressly charged the jury that unless they found liability the verdict should be for the defendant and that it was only in case they decided the plaintiff was entitled to a verdict that they were to consider the question of damages; and at the conclusion of the charge on damages the court reiterated this instruction at the apparent suggestion of counsel, who then noted their approval of it. The charge in this respect was unexceptionable.

The defendant's bill of exceptions is based upon General Statutes, Cum. Sup. 1939, § 1410e, which requires an indorsement of consent of the husband on the writ before recovery may be had for expenditures which he has made or will be compelled to make arising out of the injury to the wife plaintiff. Evidence was offered of unpaid bills addressed to the plaintiff. Objection was made on the ground that, "under the statute, the husband will be obliged and compelled to pay the bills." In its brief the defendant discusses the exception in relation to the trial court's charge. We consider its admissibility only on the exception. In the absence of indorsement by the husband upon the writ, a wife may recover expenditures if it is found that it is not reasonably probable that her husband would have to pay them but it is probable that she will be called upon to do so. *Katz* v. *Cohn,* 122 Conn. 338, 343, 189 Atl. 594; *Ginsberg* v. *Ginsberg,* 126 Conn.

146, 148, 9 Atl. (2d) 812. The evidence bore upon the latter probability and was properly admitted. *Bushnell* v. *Bushnell*, 103 Conn. 583, 596, 131 Atl. 432.

There is no error.

In this opinion the other judges concurred.