[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION RE DENIAL OF MOTION FOR SUMMARY JUDGMENT
On July 24, 1989, the plaintiff filed this two count complaint against defendants Robert Klobukowski and Daniel Foster. The plaintiff alleges in count one that she was struck by an automobile CT Page 2714 under the control of the defendant Robert Klobukowski. In the second count, the plaintiff alleges that she had just entered a bus when she noticed the defendant, Daniel Foster, parked across the street in his automobile, gesturing to her that he would give her a ride. As she entered the street in front of the bus, she was struck by Klobukowski's vehicle. The plaintiff claims that Foster was negligent in gesturing to her to cross the street and in failing to warn her of oncoming traffic.
On September 15, 1993, the defendant Foster moved for summary judgment, submitting uncertified deposition testimony of the plaintiff. The defendant argues in his memorandum that he was not looking at the plaintiff or signaling to her as she was crossing the street and that, therefore, there was no genuine issue of material fact as to the defendant's liability.
 Practice Book 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.
(Citations omitted; internal quotation marks omitted.) Connell v. Colwell, 214 Conn. 242, 246-47, 571 A.2d 116 (1990). A trial court may rely on pleadings and depositions in determining a movant's motion for summary judgment. Esposito v. Wethered, 4 Conn. App. 641,644, 469 A.2d 222 (1985). However, to be admissible for the basis of determining summary judgment, such depositions must be certified; Oberdick v. Allendale Mutual Insurance Company,9 Conn. L. Rptr. 607, 608-09 (August 25, 1993, Celotto, J.); see also Connecticut Practice Book 380, 381; and the testimony therein CT Page 2715 must be admissible at trial. Farrell v. Farrell, 182 Conn. 34, 39,438 A.2d 415 (1980); see Practice Book 380, 381.
The defendant submitted in support of his motion for summary judgment uncertified transcripts of the plaintiff's deposition testimony. In his memorandum, however, the defendant also relied on his own deposition transcripts, although they were not submitted with the motion for summary judgment as required by Practice Book 380.
The plaintiff alleges that defendant Foster was negligent in gesturing to the plaintiff to cross the street and in failing to warn the plaintiff of the oncoming traffic. Generally, one who acts gratuitously in undertaking a service which he has no duty to perform must act with reasonable care in completing the task assumed, but there is no liability unless the defendant's actions increase the risk of harm to the injured party or the injured party relies on the defendant's actions and is thereby injured. Logan v. Greenwich Hospital, 191 Conn. 282, 305, 465 A.2d 294 (1983); Zatkin v. Katz, 126 Conn. 445, 450, 11 A.2d 843 (1940); Restatement (Second) of Torts, 323.
Questions of fact remain as to whether the defendant was negligent in failing to warn the plaintiff, whether he was still gesturing to the plaintiff to cross the street at the time she entered the roadway and whether the plaintiff relied on the gestures of the defendant. "`Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by the trial in the ordinary manner.' Spencer v. Good Earth Restaurant Corp., 164 Conn. 194, 199, 319 A.2d 403 (1972)." Fogarty v. Rashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984).
For the foregoing reasons, the Motion For Summary Judgment is denied.
Robert A. Martin, Judge