[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 10800
The defendant has moved to strike the first count of the plaintiff's complaint, which alleges that the defendant created a public nuisance by obstructing a public sidewalk in violation of General Statutes § 19a-335. The second count, in which the plaintiff alleges that obstruction of tile sidewalk was negligent, is not challenged in the motion to strike.
The defendant makes two claims. The first is that the plaintiff may not assert a private cause of action based on the violation of § 19a-335. The second claim is that this statute prohibits only obstruction of public highways, not obstruction of sidewalks.
Standard of Review
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 152; Ferryman v.Groton, 212 Conn. 138, 142 (1989). A motion to strike admits all facts well pleaded; Cyr v. Brookfield, 153 Conn. 261, 263 (1965); and the allegations of a complaint are to be given the same favorable construction as a trier of fact would be required to give them in admitting evidence under them. Ferryman v. Groton,212 Conn. 138, 142; Benson v. Housing Authority, 145 Conn. 196,199 (1958). If any facts provable under the express and implied allegations in the complaint support a cause of action, the complaint is not vulnerable to a motion to strike. Bouchard v.People's Bank, 219 Conn. 465, 471 (1991); Senior v. Hope,156 Conn. 92, 97-98 (1968).
Discussion
The movant contends that General Statutes § 19a-335 does not create a private cause of action. This statement is probably true but also irrelevant. In count one of the complaint, the cause of action is a common law cause of action in nuisance, not an invocation of a statutory cause of action. General Statutes § 19a-335 defines particular conduct as a nuisance. The fact that a statute supplies a definition or standard does not convert the claim into one brought under that statute; rather, the claim in nuisance arises at common law, and the statute merely permits the legal conclusion that certain conduct constitutes a nuisance. See Wright, Fitzgerald and Anderman, Conn. Law or Torts (3d ed.) CT Page 10801 Chapter 15. Violation of a statute may be found to constitute a nuisance. Zotkin v. Katz, 126 Conn. 445, 449 (1940); DeMare v.Guerin, 125 Conn. 362, 365 (1939). The court notes additionally that in "C" Fish Co. v. Shugrue, 7 Conn. App. 561 (1986), the Appellate Court assumed without discussion that a party that had contracted to perform road work could be sued for creating a nuisance if it left equipment in the area of travel in violation of § 19a-335.
The movant further contends that the first count is legally insufficient because § 19-335 refers only to "highway[s]" and furnishes no basis for a finding of nuisance in relation to a sidewalk, the venue of the injury alleged in the case before this court.
The movant has cited no case holding that obstruction of a public sidewalk cannot be held to constitute a nuisance. The cases cited by the movant merely concern claims of nuisance on roadways without any suggestion that a cause of action in nuisance is limited to roadways.
Since the statute allowing a cause of action against a municipality for injury resulting from a defect in a highway, General Statutes § 13a-149, has been held to apply to defects in sidewalks, Hornyak v. Town of Fairfield, 135 Conn. 619 (1949);Manchester v. Hartford, 30 Conn. 118, 121 (1861), there does not appear to be any principled reason to give the word "highway" a more restricted meaning in a similar statute meant to protect travellers.
Conclusion
The defendant's motion to strike the first count of the complaint is denied for the foregoing reason.