[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON
Plaintiff Patricia Pranitis has brought this action against the Defendant Stafford West Condominium Association, Inc. (the "Condominium Association") and its snow removal contractor alleging injuries from a slip and fall in the Condominium Association's parking lot due to the accumulation of ice and snow thereon. At oral argument, Plaintiff's counsel stated that although Plaintiff was the owner of a condominium at Stafford West, and thus entitled to a parking space, the slip and fall occurred in the area reserved for visitors' parking.
The First and Third Counts of the Complaint allege a cause of action in negligence respectively against the Defendant Condominium Association and its Defendant contractor respecting the existence of the ice and snow. The Second Count alleges a cause of action in nuisance against the Defendant Condominium Association. The crux of this claim is set forth in Paragraph 7, as follows: CT Page 5149-VVVV
 7. The parking lot area as referred to in Paragraphs 2 and 3 above was created and maintained by the defendant in such a manner that it was steeply sloped; such slope being inherently dangerous in that any accumulation of ice and snow became more slippery and dangerous. This condition constituted a nuisance, the natural tendency of which was to create danger and inflict personal injury upon persons, particularly the plaintiff.
The Defendant Condominium Association has moved to strike the Second Count on the ground that it fails to state a legally cognizable cause of action.
A motion to strike tests the legal sufficiency of a pleading. Practice Book § 151; Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d (1989). "[A]ll facts well pleaded and those facts necessarily implied from the allegations are taken as admitted." Amodio v. Cunningham, 182 Conn. 80, 82-83,438 A.2d 6 (1980). "[T]he court must construe the facts alleged in a pleading in the manner most favorable to the plaintiff." Rowev. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them." Ferryman v. Groton, supra, 142. If the facts provable under the allegations would support a defense or cause of action, the motion to strike must fail." Id.
 To establish a nuisance four elements must be proven: (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; (4) the existence of the nuisance was the proximate cause of the plaintiff's injuries.
Filisko v. Bridgeport Hydraulic Co., 176 Conn. 33, 35-36
(1978).
A nuisance may be public or private. A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land. Couture v. Board of Education,6 Conn. App. 309, 314 (1986). Nuisances are public where they violate public rights, and produce a common injury, and where they constitute an obstruction to public rights, that is, the rights enjoyed by CT Page 5149-WWWW citizens as part of the public. Id., 314-15. At oral argument the Plaintiff's counsel conceded that the Second Count alleges a private nuisance.
Plaintiff's claim is not that the use of the land for a parking lot was unreasonable or unlawful, that is, that the lot is intrinsically a nuisance, but that failure properly and timely to remove ice and snow therefrom transforms the lot from time to time into a nuisance. Under Plaintiff's theory, every roadway, sidewalk, driveway or other public or private area built on slope is automatically a nuisance if snow and ice can accumulate thereon. Such is not the case. The gravamen of the complaint remains the alleged negligent maintenance set forth in the First and Third Counts. The existence of the claimed nuisance is dependent upon the failure of the Defendant to act. To constitute a nuisance, "there must be more than an act or failure to act on the part of the defendant." Bush v. Norwalk,122 Conn. 426, 428 (1937).
The motion to strike is granted.
DAVID L. FINEBERG JUDGE, SUPERIOR COURT