**Ellen DEVLIN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CIV. 399CV1863 (PCD).**

United States District Court, D. Connecticut.

May 15, 2001.

Thomas P. Cella, Kevin Ladieu, Howard, Kohn, Sprague & Fitzgerald, Hartford, CT, Harold R. Cummings, Cummings & Lanza, South Windsor, CT, for Ellen Devlin, plaintiffs.

Christine L. Sciarrino, Lauren M. Nash, U.S. Attorney's Office, New Haven, CT, for USA, defendants.

## RULING ON MOTION FOR SUMMARY JUDGMENT

DORSEY, Senior District Judge.

Defendant moves for summary judgment pursuant to Fed.R.Civ.P. 56, arguing there are no genuine issues of material fact and it is entitled to judgment as a matter of law. This motion is **denied**.

## I. BACKGROUND

On June 23, 1984, Michael Murratti began employment as a letter carrier for the United States Postal Service ("USPS"). He completed a Standard Form 2823 "Designation of Beneficiary" ("SF–2823") to designate the persons to receive the insurance proceeds upon his death from the Federal Employees' Group Life Insurance program ("FEGLI"). He designated his mother, Margaret M. Devlin, to receive 60% of the FEGLI proceeds and his nephew, David M. Spinato, to receive 40%. On July 20, 1984, the SF–2823 was properly filed in Murratti's Official Personnel File ("OPF").

Murratti was later involved in a motor vehicle accident while acting within the scope of his duties, thereby injuring his

back. He received Federal Employees' Compensation until he returned to work at the USPS. On November 8, 1996, Murratti was in another accident within the scope of his duties, leaving him permanently disabled. Again, he began receiving Federal Employee's Compensation.

On May 2, 1990, Murratti went to the Personnel Office of the USPS in New Haven, Connecticut to change his FEGLI beneficiary designation. He completed a new SF–2823, witnessed by USPS employees Blase Redding (n/k/a Blase Pierce) and Barbara Walcott. The new SF–2823 was placed in Murratti's OPF despite the requirement that Murratti file the form with the Office of Personnel Management ("OPM") in order for the beneficiaries to be changed. The new SF–2823 named Murratti's mother as the 60% beneficiary and plaintiff, Murratti's sister, as the 40% beneficiary.

Murratti's mother died on June 9, 1996. Murratti died on October 14, 1996. Upon his death, both plaintiff and Spinato submitted claims for the FEGLI proceeds to Metropolitan Life Insurance Company ("MetLife"), the underwriter for FEGLI. When plaintiff's claims were denied by MetLife, FEGLI, and OPM, plaintiff filed an administrative claim with the USPS, alleging that "[e]mployees of the United States Postal Service negligently failed to comply with the filing requirements [of SF–2823] and/or were negligently trained in the proper filing procedure." The USPS denied this claim by letter dated April 15, 1999. Plaintiff commenced the instant action against the USPS on September 21, 1999, claiming that the USPS is liable under the Federal Torts Claims Act, 28 U.S.C. § 2671 *et seq.*

## II. DISCUSSION

### A. *Standard of Review*

A party moving for summary judgment must establish that there are no genuine issues of material fact in dispute and that she is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue has been raised, all ambiguities must be resolved and all reasonable inferences be drawn against the moving party. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2d Cir.1980). The nonmovant cannot rest on the pleadings, *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), but must supplement the pleadings with affidavits, depositions, and answers to interrogatories, *see Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### B. *The Federal Torts Claims Act ("FTCA")*

Plaintiff sues under the FTCA, claiming that government employees acted negligently within the course of their employment, thereby injuring plaintiff. Defendant argues that plaintiff is not entitled to relief under the FTCA because 1) the claim turns solely on misstatements by government employees; 2) the duty to submit the beneficiary form to OPM was specifically imposed upon Murratti pursuant to 5 C.F.R. § 870.902(b); and 3) for liability to arise under the FTCA, there must be a comparable cause of action against a private citizen, and there is not.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer,* 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Where the United States has not consented to suit, the Court lacks subject matter jurisdiction to enter-

tain a suit with the United States as defendant. *See id.* Congress has given limited consent to suit under the FTCA

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). This waiver of sovereign immunity does not apply to claims arising out of a misrepresentation, 28 U.S.C. § 2680(h), be it negligent or intentional, *Block v. Neal,* 460 U.S. 289, 295, 103 S.Ct. 1089, 75 L.Ed.2d 67 (1983); *Dorking Genetics v. United States,* 76 F.3d 1261, 1264 (2d Cir.1996). However, a party may bring a suit against the federal government where misstatements are involved if those misstatements "are not essential to plaintiff's negligence claim." *Block,* 460 U.S. at 297, 103 S.Ct. 1089. The FTCA "does not bar negligence actions which focus not on the Government's failure to use due care in communicating information, but rather on the Government's breach of a different duty." *Id.*

In the instant case, plaintiff presents evidence that the government employees who routinely processed the beneficiary forms retained Murratti's newly executed SF–2823 and filed it instead of sending it to OPM. Defendant argues that plaintiff's claim turns solely on misstatements by government employees, thereby placing it within the misrepresentation exception. This argument conflates misstatements with affirmative acts distinct from communication. Plaintiff is arguing that the USPS assumed a duty when it undertook the responsibility of processing Murratti's SF–2823, and it negligently performed this task. Accordingly, plaintiff contends that her case is actionable under the FTCA.

Courts in other circuits have held that where the "negligent performance of an operational task allegedly caused the harm, the negligent misrepresentation exception to FTCA's waiver of sovereign immunity does not apply." *Metropolitan Life Ins. Co. v. Atkins,* 225 F.3d 510, 513 (5th Cir.2000) (allegation that United States employee failed to preserve and file the correct copy of designation of beneficiary form); *see also Mundy v. United States,* 983 F.2d 950, 952 (9th Cir.1993). Such is the case here. While defendant argues that negligence cannot be found because it was *plaintiff's* responsibility to file the form with OPM—not the responsibility of the USPS employees—this argument ignores the negligence doctrine accepted in Connecticut that even where a person gratuitously undertakes a duty to perform a task, that person must exercise reasonable care in performing that task. *See Logan v. Greenwich Hosp. Assoc.,* 191 Conn. 282, 305, 465 A.2d 294, 306 (1983); *Zatkin v. Katz,* 126 Conn. 445, 450, 11 A.2d 843, 845 (1940). It is thus evident that, were the United States an employer in the private sector, it would be liable if its employees assumed the task of processing beneficiary forms but did not exercise reasonable care in performing said task. Therefore, should the facts reveal that the USPS employees did assume the task of completing the processing of Murratti's SF–2823, defendant may be found liable under the FTCA.

## III. CONCLUSION

Defendant's motion for summary judgment (doc. 18) is hereby **denied.**

SO ORDERED.