[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION FACTS
The plaintiffs, Joel and Eileen Limoncelli, bring this action against the defendants, Thomas J. Lombardi and Cindy K. Lombardi, in two counts. The plaintiffs are the owners of real property located at 25 East Gate Road, Danbury.
The defendants own the abutting property, 23 East Gate Road.
The plaintiffs claim that the defendants, during the course of CT Page 5587 constructing a dwelling at 23 East Gate Road, entered onto the plaintiffs' property, destroying landscaping and shrubbery.
They further claim that the defendants excavated on the plaintiffs' property without right or privilege to do so, and installed an underground pipe.
Count one of the complaint alleges intentional trespass, while count two claims a negligent invasion of the plaintiffs' right of possession.
The defendants successfully moved to implead the City of Danbury as a party, and filed a third party complaint.
In a substitute third party complaint dated February 7, 2002, they claim that agents and employees of the City of Danbury represented to the defendants that the city enjoyed an easement over the plaintiffs' property and that pipes could be placed within the area of the easement.
They claim that the city's representations were made negligently and that as a result, the city is liable to indemnify the defendants in the event that a judgment is entered in favor of the plaintiffs.
The City of Danbury now moves to dismiss the third party complaint, claiming the court lacks subject matter jurisdiction.
It claims immunity from suit under the principles of governmental immunity.
 STANDARD OF REVIEW
A motion to dismiss pursuant to Practice Book § 10-31 is the proper vehicle for asserting a claim that the court lacks subject matter jurisdiction.
Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceeding in question belongs. Figueroa v. C S Ball Bearing, 237 Conn. 1, 4 (1996); Shea v.First Federal Savings Loan Association of New Haven, 184 Conn. 285, 288
(1981).
Unlike jurisdiction over the person, or insufficiency of process or service of process, subject matter jurisdiction cannot be waived and may be raised at any time. Gagnon v. Planning Commission, 222 Conn. 294, 297
(1992).
The purpose of a motion to dismiss is to determine, based on the face CT Page 5588 of the record, whether the court lacks jurisdiction. Pearson v.Bridgeport Hydraulic Co., 141 Conn. 646, 648 (1954).
Allegations in the complaint are to be construed most favorably to the pleader. Duguay v. Hopkins, 191 Conn. 222, 227 (1983).
 GOVERNMENTAL IMMUNITY DOES NOT IMPACT SUBJECT MATTER JURISDICTION
The defendants claim that because the third party complaint is against a municipality, the City of Danbury enjoys governmental immunity and the court lacks jurisdiction.
The claim confuses sovereign immunity enjoyed by the State of Connecticut with municipal immunity.
The doctrine of sovereign immunity implicates the subject matter jurisdiction of a court and is properly raised by a motion to dismiss the complaint. Antinerella v. Rioux, 229 Conn. 479, 489 (1994); AmericanLaundry Machinery, Inc. v. State, 190 Conn. 212, 213 (1983).
The State of Connecticut is immune from suit unless it consents to be sued by appropriate legislation waiving that immunity in certain clearly prescribed cases. Baker v. Ives, 162 Conn. 295, 298 (1972).
However, a suit against a municipality is not a suit against the sovereign. Sovereign immunity and municipal immunity are distinct though related concepts. Martinez v. Department of Public Safety, 258 Conn. 680,689-90 (2001).
At common law, municipalities enjoy governmental immunity in certain circumstances. Ryszkiewicz v. New Britain, 193 Conn. 589, 593 (1984);Warren v. Bridgeport, 129 Conn. 355, 358 (1942).
Governmental immunity does not impact a court's subject matter jurisdiction but is in the nature of an affirmative defense which is properly raised by way of a special defense. Westport Taxi Service, Inc.v. Westport Transit District, 235 Conn. 1, 24 (1995); Gauvin v. NewHaven, 187 Conn. 180, 184-85 (1982).
The third party defendant, City of Danbury, is free to raise the issue of governmental immunity by way of special defense.
The issue, however, is not properly raised by motion to dismiss.
The motion to dismiss of the third party defendant, City of Danbury, is, CT Page 5589 therefore, denied.
____________________ Radcliffe, J.