******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

KIERAN DAY ET AL. *v.* PERKINS
PROPERTIES, LLC, ET AL.
(AC 41357)

DiPentima, C. J., and Lavine and Flynn, Js.

*Syllabus*

The plaintiffs, owners of real property in the town of Ledyard, sought to
recover damages for private nuisance from the defendant P Co. and
its sole member, the defendant P. P Co. owned certain real property
consisting of two contiguous parcels, one located in North Stonington
and the other in Ledyard, that abut the plaintiffs' property. Both of the
defendants' parcels are located in areas zoned for residential use that
prohibit the commercial use of the property. In a prior action, P Co.
had entered into a stipulated judgment with the town of Ledyard by
which it was enjoined from operating a landscaping business or a similar
commercial operation at its Ledyard property. The stipulated judgment
further provided that pursuant to the town's zoning regulations, no
commercial activity was permitted in areas zoned for residential use
unless the activity constituted a permissible farming activity pursuant
to the town's zoning regulations. Thereafter, the trial court in that action
held P Co. in contempt for its noncompliance with the stipulated judg-
ment. The plaintiffs subsequently commenced this action, alleging, in
count two of their complaint, that the defendants' operation of a land-
scaping business on its Ledyard property constituted a nuisance per se
because it violated the town's zoning regulations by reason of noise,
safety, fumes and odors, and because the property was not zoned for
commercial activity. Following a trial to the court, the trial court ren-
dered judgment for the plaintiffs on count two, from which the defen-
dants appealed to this court. *Held* that the trial court improperly
concluded as a matter of law that the defendants' operation of a landscap-
ing business on its Ledyard property constituted a nuisance per se; the
defendants' operation of a landscaping business did not constitute a
nuisance per se because it was not a use of land that, by its very nature,
constitutes a nuisance at all times regardless of locality or circumstance,
and the defendants' violation of a local ordinance, which formed the
basis of the stipulated judgment and the court's finding of nuisance per
se, was not, as a matter of law, sufficient in itself to constitute a nuisance
per se, which exists where there is a condition that is a nuisance in any
locality and under any circumstances, as local zoning regulations apply
only to a specific locality, what constitutes a nuisance in one locality
may not in another, and the allegations of the complaint limited the
nuisance to the landscaping business on the defendants' property in
Ledyard that was being operated in a residential zone.

Argued February 13–officially released May 14, 2019

*Procedural History*

Action to recover damages for, inter alia, private nui-
sance, and for other relief, brought to the Superior Court
in the judicial district of New London, where the matter
was tried to the court, *Hon. Joseph Q. Koletsky*, judge
trial referee; judgment in part for the plaintiffs; there-
after, the court granted the plaintiffs' motion for clarifi-
cation and issued a certain order, and the defendants
appealed to this court. *Reversed*; *judgment directed.*

*Matthew G. Berger*, for the appellants (defendants).

*Michael S. Bonnano*, for the appellees (plaintiffs).

*Opinion*

FLYNN, J. The defendants, Perkins Properties, LLC, and Mark J. Perkins, Jr., appeal from the judgment of the trial court rendered in favor of the plaintiffs, Kieran Day and Jennifer Day. The defendants claim that the court improperly determined that a nuisance per se existed solely on the basis of violations of local zoning regulations.[1] We agree that a violation of a local zoning ordinance in one town cannot be said to constitute a nuisance everywhere in the state of Connecticut as the nuisance per se doctrine requires and, accordingly, we reverse the judgment of the trial court.

The following undisputed facts and procedural history are relevant. The plaintiffs own real property located at 572 Lantern Hill Road in Ledyard. Perkins is the sole member of Perkins Properties, LLC, the owner of real property abutting the plaintiffs' property located at 576 Lantern Hill Road in Ledyard. The defendants' property is a contiguous parcel that also encompasses 586Z Lantern Hill Road in North Stonington. The defendants' Ledyard and North Stonington properties are separated by Whitford Brook, and both are located in residential R-80 zones that prohibit commercial use of real property.

In a separate action brought by the town of Ledyard and Joseph Larkin in his capacity as Ledyard's zoning enforcement officer against Perkins Properties, LLC, those parties entered into a stipulation on October 27, 2016. The written stipulation provided that Perkins Properties, LLC, was enjoined from operating a landscaping business, lawn care business, snow removal business, or other similar commercial operations at 576 Lantern Hill Road in Ledyard. It further provided that commercial activity and uses accessory to commercial activity were not permitted in residential zones pursuant to § 3.4 of the Ledyard Zoning Regulations, and that no building, structure, or any portion of the property shall be used for commercial activity or any purpose subordinate or incidental to commercial activity, including, but not limited to: vehicular or pedestrian access to commercial activity; employee parking for commercial activity; storage, maintenance, or repair of vehicles, equipment or machinery used in whole or in part in conducting commercial activity, except as permitted by paragraph 2 of the stipulation; assembly of employees of commercial activities other than farming or uses accessory to farming; storage of materials or products used in the course of the business of commercial activity, except as permitted by paragraph 2; and the storage of materials, products or by products generated in the course of business or commercial activity. The stipulation provided in paragraph 2 that activities that may constitute farming or a use accessory to farming under § 2.2 of the Ledyard Zoning Regulations may be permitted. The stipulation provided that these excep-

tions are to be strictly and narrowly construed. The court, *Cosgrove J.*, entered judgment in accordance with the stipulation on December 1, 2016. Ledyard and Larkin moved for contempt because of noncompliance by Perkins Properties, LLC, with the December 1, 2016 judgment, and the court, *Cole-Chu, J.*, granted the motion.

The plaintiffs commenced the present action in 2015, and served their seven count fourth amended complaint in December, 2017. In the second count of that complaint, the plaintiffs alleged that the defendants' use of the Ledyard property for a landscaping business violated the Ledyard Zoning Regulations by reason of noise, safety, fumes and odors, and because commercial activity is prohibited in an R-80 zone. The plaintiffs sought injunctive relief and monetary damages.

Following a trial, the court found that the plaintiffs proved only the allegations in the second count of the complaint.[2] The court determined that there was a nuisance per se pursuant to the defendants' deliberate violation of the terms of the stipulated judgment, which enjoined the defendants, on the basis of the Ledyard Zoning Regulations, from conducting commercial activity and related accessory uses on the Ledyard property. The court determined that, although the defendants claimed to operate a nonconforming farm, the only agricultural activity that took place on the property was Perkins' ownership of an uncertain number of cows that were kept in various grazing spots. The court concluded that the activity at issue did not fall under the farming exception in the stipulated judgment, which permitted farming activity pursuant to the Ledyard Zoning Regulations. The court ordered that no nonfarming activity take place on the Ledyard property and that no direct vehicular access, including off road conveyances, be had between the defendants' adjoining Ledyard and North Stonington properties. This appeal followed.

The issue before us is whether the trial court properly determined that a certain use of land constituted a nuisance per se. "Although the existence of a [public or private] nuisance generally is a question of fact, for which we invoke a clearly erroneous standard of review . . . where the court makes legal conclusions or we are presented with questions of mixed law and fact, we employ a plenary standard of review . . . ." (Internal quotation marks omitted.) *Sinotte* v. *Waterbury*, 121 Conn. App. 420, 438, 995 A.2d 131, cert. denied, 297 Conn. 921, 996 A.2d 1192 (2010). Under our case law, the question as to what constitutes a nuisance per se is one of law for the court. See *Warren* v. *Bridgeport*, 129 Conn. 355, 360, 28 A.2d 1 (1942); *Beckwith* v. *Stratford*, 129 Conn. 506, 510, 29 A.2d 775 (1942). Accordingly, our review is plenary. See *Sinotte* v. *Waterbury*, supra, 438.

"A nuisance not originating in negligence is some-

times characterized as an absolute nuisance [or a nuisance per se]." (Internal quotation marks omitted.) *Warren* v. *Bridgeport*, supra, 129 Conn. 360. Significantly for the decision to be made in this appeal, a "nuisance per se . . . exists where there is a condition which is a nuisance in any locality and under any circumstances. . . . Such a nuisance as regards the use of land seldom, if ever, occurs; the same conditions may constitute a nuisance in one locality or under certain circumstances, and not in another locality or under other circumstances. To constitute a nuisance in the use of land, it must appear not only that a certain condition by its very nature is likely to cause injury but also that the use is unreasonable or unlawful."[3] (Citation omitted.) *Beckwith* v. *Stratford*, supra, 129 Conn. 508. "Some things are unlawful or nuisances per se; others become so, only in respect to the time, place or manner of their performance." *Whitney* v. *Bartholomew*, 21 Conn. 213, 217 (1851).

A landscaping business is not a use of land that, by its very nature, constitutes a nuisance at all times regardless of locality or circumstance. First, we note that our case law most often has dealt with what is not a nuisance per se. See *Wood* v. *Wilton*, 156 Conn. 304, 310, 240 A.2d 904 (1968) (refuse disposal operation not nuisance per se but may be nuisance in fact as result of manner of operation); *Jack* v. *Torrant*, 136 Conn. 414, 421, 71 A.2d 705 (1950) (undertaking establishment not nuisance per se); *Murphy* v. *Ossola*, 124 Conn. 366, 371, 199 A. 648 (1938) (mere possession or use of dynamite caps not nuisance per se); *Udkin* v. *New Haven*, 80 Conn. 291, 294, 68 A. 253 (1907) (accumulated snow on walkway did not constitute nuisances per se); *Parker* v. *Union Woolen Co.*, 42 Conn. 399, 402 (1875) (use of steam whistle not nuisance per se); *Whitney* v. *Bartholomew*, supra, 21 Conn. 217 ("[t]he trade and occupation of carriage-making, or of a blacksmith, is a lawful and useful one; and a shop or building, erected for its exercise, is not a nuisance per se").

Second, the nature of the complaint and the court's findings limit any unreasonable use of the land to a specific locality and manner of performance. The allegations in the complaint limited the nuisance to a particular locality and stated, in essence, that the landscaping business was pursued in an improper place, namely, in an R-80 zone in Ledyard. The Ledyard Zoning Regulations, by their very nature, applied only to property located in Ledyard. Furthermore, the terms of the stipulated judgment applied *only* to 576 Lantern Hill Road in Ledyard and specified that certain activities were prohibited to the extent the activities constituted commercial activity and not farming. The court noted these limitations in its decision, stating that "the Ledyard injunction applies to the Ledyard property, of course," and on that basis did not find a nuisance per se for the same commercial landscaping activity occurring on the

North Stonington property. The court found for the defendants on count one of the complaint, which alleged that the landscaping business constituted a private nuisance on the basis of employee mustering, aggressive and threatening behavior by employees, and noise.

The violation of a local ordinance, which formed the basis of the stipulated judgment and the court's finding of nuisance per se, is not, as a matter of law, sufficient in itself to constitute a nuisance per se.[4] In certain cases, a court may interpret local zoning regulations along with other factors to determine whether a private nuisance exists. See *Cummings* v. *Tripp*, 204 Conn. 67, 79, 527 A.2d 230 (1987). It is axiomatic that local zoning regulations apply only to a specific locality, and "[w]hat constitutes a nuisance in one locality may not in another." *Jack* v. *Torrant*, supra, 136 Conn. 423. "[T]he mere violation of a municipal ordinance does not make the act in question a nuisance per se." 58 Am. Jur. 2d 581, Nuisances § 14 (2012). For the foregoing reasons, we conclude that the court's finding of a nuisance per se on the basis of violations of a local zoning ordinance, which the defendants were enjoined from violating under the terms of a stipulated judgment, was improper as a matter of law.

The judgment is reversed and the case is remanded with direction to render judgment in favor of the defendants.

In this opinion the other judges concurred.

[1] The defendants also claim that the court erred in enjoining them from direct vehicular access, including off road conveyances, between the defendants' adjoining Ledyard and North Stonington properties. The court found that the plaintiffs only proved the second count of their complaint alleging nuisance per se, and we reverse that judgment including any remedies awarded therein. Accordingly, we need not address the merits of this claim.

[2] The court clarified its judgment to note that the second count, as opposed to the third count which alleged nuisance per se as to the North Stonington property, had been proven.

[3] "A private nuisance is a nontrespassory invasion of another's interest in the private use and enjoyment of land. . . . The law of private nuisance springs from the general principle that [i]t is the duty of every person to make a reasonable use of his own property so as to occasion no unnecessary damage or annoyance to his neighbor. . . . The essence of a private nuisance is an interference with the use and enjoyment of land." (Citations omitted; internal quotation marks omitted.) *Pestey* v. *Cushman*, 259 Conn. 345, 352, 788 A.2d 496 (2002).

[4] Additionally, we note that count two of the complaint was not an action to enforce a zoning regulation. See e.g., *Cummings* v. *Tripp*, 204 Conn. 67, 78–80, 527 A.2d 230 (1987) (right of property owners to seek injunction and damages for nuisance affecting enjoyment of their property is supplemental to right to seek injunctive relief from zoning authorities for violation of zoning ordinance).